# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

RODERICK SKINNER,

      Plaintiff

v.

EDWARD T. REED, ESQ.,
EDWARD T. REED, PLLC,

      Defendants

Case No.: 3:23-cv-00098-MMD-CSD

**Order**

Plaintiff  is an inmate within the Nevada Department of Corrections, and filed a civil rights complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1-1.) The Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed *in forma pauperis* (IFP). The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, and liabilities." LSR 1-1. When a prisoner seeks to proceed without prepaying the filing fee, in addition to filing the affidavit, the prisoner is required to submit a certified copy of the trust fund account statement (or institutional equivalent) for the six-month period immediately preceding the filing of the complaint. The statement must be obtained from the appropriate official at the prison or detention facility where the prisoner is or was confined. 28 U.S.C. § 1915(a)(2).

When a prisoner brings a civil action IFP, the prisoner is still required to pay the full amount of the filing fee. The court is required to assess, and when funds exist, collect an initial partial payment of 20 percent of the greater of: (A) the average monthly deposits in the prisoner's account or (B) the average monthly balance in the prisoner's account for the six-

month period immediately preceding the filing of the complaint. Thereafter, whenever the prisoner's account exceeds $10, the prisoner must make monthly payments of 20 percent of the preceding month's income credited to the prisoners account until the filing fees are paid. The funds are to be forwarded by the agency having custody of the prisoner. 28 U.S.C. § 1915(b)(1), (2).

The regular filing fee is $402, consisting of the $350 filing fee and a $52 administrative fee. If an inmate does not qualify for IFP status, he must pay the full $402 filing fee. If the inmate qualifies for IFP status, the $52 administrative fee is waived, and the inmate will only pay the $350 filing fee over time.

Plaintiff has not submitted the IFP application or the required financial certificate and trust account statement.

The Clerk shall **SEND** Plaintiff a copy of the instructions and application to proceed IFP for an inmate. Plaintiff has **30 days** from the date of this Order to either file his completed IFP application and financial certificate and trust account statement or pay the full $402 filing fee.

Once Plaintiff has filed his completed IFP application and financial certificate or paid the filing fee, the court will screen the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) or 28 U.S.C. § 1915A, or both. Both require dismissal of a complaint, or any portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. If the complaint is dismissed on screening, there will be no refund of the filing fee, and an inmate proceeding IFP is still required to pay the $350 filing fee over time.

1      If Plaintiff fails to timely file a completed IFP application and financial certificate or pay

2  the filing fee, this court will recommend dismissal of this action without prejudice.

3      Finally, the court notes that Plaintiff's complaint appears to assert an ineffective

4  assistance of counsel claim against his appointed state habeas counsel. To the extent Plaintiff

5  seeks to invalidate his conviction on this basis, his claim is not cognizable under 42 U.S.C. §

6  1983, and must be addressed in a habeas action. If this is the case, Plaintiff should file a motion

7  to voluntarily dismiss this section 1983 action and raise his issue in habeas. If Plaintiff maintains

8  that this action is cognizable under section 1983, it is likely the action will be dismissed because

9  an appointed habeas attorney is not a state actor for purposes of section 1983. As such, if

10  Plaintiff is granted IFP status, he will still be required to pay the full $350 filing fee over time

11  even if this action is dismissed.

12  **IT IS SO ORDERED**.

13  Dated: March 30, 2023

14

_____

Craig S. Denney

15  United States Magistrate Judge

16

17

18

19

20

21

22

23