# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

RODERICK SKINNER,

    Plaintiff

v.

REED, et al.,

    Defendants

Case No.: 3:23-cv-00098-MMD-CSD

**Report & Recommendation of United States Magistrate Judge**

Re: ECF Nos. 1-1, 7

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Plaintiff has filed an application to proceed in forma pauperis (IFP) (ECF No. 1) and pro se complaint (ECF No. 1-1). For the reasons set forth below, it is recommended that Plaintiff's IFP application be granted, but that this action be dismissed with prejudice.

## I. IFP APPLICATION

A person may be granted permission to proceed IFP if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1).

The Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

1      "[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some

2   particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)

3   (quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the

4   benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

5      An inmate submitting an application to proceed IFP must also "submit a certificate from

6   the institution certifying the amount of funds currently held in the applicant's trust account at the

7   institution and the net deposits in the applicant's account for the six months prior to the date of

8   submission of the application." LSR 1-2; *see also* 28 U.S.C. § 1915(a)(2). If the inmate has been

9   at the institution for less than six months, "the certificate must show the account's activity for

10  this shortened period." LSR 1-2.

11     If a prisoner brings a civil action IFP, the prisoner is still required to pay the full amount

12  of the filing fee. 28 U.S.C. § 1915(b)(1). The court will assess and collect (when funds exist) an

13  initial partial filing fee that is calculated as 20 percent of the greater of  the average monthly

14  deposits or the average monthly balance for the six-month period immediately preceding the

15  filing of the complaint. 28 U.S.C. § 1915(b)(1)(A)-(B). After the initial partial filing fee is paid,

16  the prisoner is required to make monthly payments equal to 20 percent of the preceding month's

17  income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency that has custody

18  of the prisoner will forward payments from the prisoner's account to the court clerk each time

19  the account exceeds $10 until the filing fees are paid. 28 U.S.C. § 1915(b)(2).

20     Plaintiff's certified account statement indicates that his average monthly balance for the

21  last six months was $ 99.09, and his average monthly deposits were $ 240.07

22     Plaintiff's application to proceed IFP should be granted. Plaintiff is required to pay an

23  initial partial filing fee in the amount of $ 48.01 (20 percent of $ 240.07). Thereafter, whenever

1  his prison account exceeds $10, he must make monthly payments in the amount of 20 percent of

2  the preceding month's income credited to his account until the $350 filing fee is paid.

## II. SCREENING

**A. Standard**

5      Under the statute governing IFP proceedings, "the court shall dismiss the case at any time

6  if the court determines that-- (A) the allegation of poverty is untrue; or (B) the action or appeal--

7  (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii)

8  seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.

9  § 1915(e)(2)(A), (B)(i)-(iii).

10      In addition, under 28 U.S.C. § 1915A, "[t]he court shall review, before docketing, if

11  feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in

12  which a prisoner seeks redress from a governmental entity or officer or employee of a

13  governmental entity." 28 U.S.C. § 1915A(a). In conducting this review, the court "shall identify

14  cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--

15  (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks

16  monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2).

17      Dismissal of a complaint for failure to state a claim upon which relief may be granted is

18  provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) and

19  28 U.S.C. § 1915A(b)(1) track that language. As such, when reviewing the adequacy of a

20  complaint under these statutes, the court applies the same standard as is applied under Rule

21  12(b)(6). *See e.g. Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Review under Rule

22  12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232

23  F.3d 719, 723 (9th Cir. 2000) (citation omitted).

1      The court must accept as true the allegations, construe the pleadings in the light most

2 favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*,

3 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less

4 stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9

5 (1980) (internal quotation marks and citation omitted).

6      A complaint must contain more than a "formulaic recitation of the elements of a cause of

7 action," it must contain factual allegations sufficient to "raise a right to relief above the

8 speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading

9 must contain something more … than … a statement of facts that merely creates a suspicion [of]

10 a legally cognizable right of action." *Id*. (citation and quotation marks omitted). At a minimum, a

11 plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id*. at

12 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

13      A dismissal should not be without leave to amend unless it is clear from the face of the

14 complaint that the action is frivolous and could not be amended to state a federal claim, or the

15 district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d

16 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

17 **B. Plaintiff's Complaint**

18      Plaintiff's complaint names Edward T. Reed, Esq., and Edward T. Reed, PLLC. He

19 alleges that Reed was his appointed post-conviction state habeas corpus counsel regarding his

20 criminal case: CR14-0644. He avers that a state court habeas evidentiary hearing was held on

21 September 26, 2019, and Dennis Carry had been subpoenaed to the hearing by Reed, but Carry

22 failed to appear. Reed did not tell the court that Carry had been suspended from duty in March

23 2019 pending the investigation of felony charges. Plaintiff alleges that Reed provided ineffective

4

assistance of counsel which caused his continued incarceration, clinical depression, and anxiety. (ECF No. 1-1.)

On March 30, 2023, the court issued an order requiring Plaintiff to submit a completed IFP application for an inmate. At that time, the court advised Plaintiff that it appeared that he was attempting to assert an ineffective assistance of counsel claim, and to the extent he sought to invalidate his conviction or sentence on that basis, his claim was not cognizable under 42 U.S.C. § 1983, and it must be addressed in a habeas action. If this was the case, Plaintiff was instructed to file a motion to voluntarily dismiss this action and file a habeas action. If, on the other hand, Plaintiff maintains this action is cognizable under section 1983, Plaintiff was cautioned it would likely be dismissed because an appointed habeas attorney is not a state actor for purposes of section 1983. Plaintiff was warned that if this action was dismissed, and he was granted IFP status, he would still be responsible for paying the $350 filing fee over time. (ECF No. 5.)

Plaintiff filed a notice to the court that he did not bring this case with the intention to invalidate his conviction. (ECF No. 8.)

"[A]n attorney, whether retained or appointed, does not act 'under color of state law'" for purposes of bringing a civil rights action under section 1983. *See Szijarto v. Legeman*, 466 F.2d 864 (9th Cir. 1972) (per curiam). Therefore, this action should be dismissed with prejudice.

### III. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order:

(1) **GRANTING** Plaintiff's IFP application (ECF No. 7); however, Plaintiff is required to pay, through NDOC, an initial partial filing fee in the amount of $48.01, within thirty days of the entry of any order adopting and accepting this Report and Recommendation Thereafter, whenever his prison account exceeds $10, he is required to make monthly

5

payments in the amount of 20 percent of the preceding month's income credited to his account until the full $350 filing fee is paid. This is required even if the action is dismissed, or is otherwise unsuccessful. The Clerk should be directed to **SEND** a copy of an order adopting and accepting this Report and Recommendation to the attention of **Chief of Inmate Services for the Nevada Department of Corrections**, P.O. Box 7011, Carson City, Nevada 89702.

(2) The complaint (ECF No. 1-1) should be **FILED**.

(3) The action should be **DISMISSED WITH PREJUDICE**.

Plaintiff should be aware of the following:

1. That he may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: August 3, 2023

_____
Craig S. Denney
United States Magistrate Judge