UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RODERICK SKINNER,<br><br>       Plaintiff,<br> v.<br>EDWARD T. REED, *et al.*,<br><br>       Defendants. | Case No. 3:23-cv-00098-MMD-CSD<br><br>ORDER |

*Pro se* Plaintiff Roderick Skinner, who is incarcerated at Northern Nevada Correctional Center, brings this action against Defendants Edward T. Reed, Esq. and Edward T. Reed, PLLC under 42 U.S.C. § 1983. Before the Court is United States Magistrate Judge Craig S. Denney's Report and Recommendation ("R&R") (ECF No. 9), recommending that the Court dismiss Skinner's Complaint (ECF No. 1-1) with prejudice. Skinner timely filed an objection (ECF No. 10 ("Objection")) to the R&R. As further explained below, the Court overrules in part and sustains in part Skinner's Objection and adopts the R&R but dismisses Skinner's Complaint without prejudice.

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, the Court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." *Id.* The Court's review is thus de novo because Skinner filed his Objection. (ECF No. 10.)[1]

///

///

---

[1] The Court incorporates by reference and adopts Judge Denney's recitation of Skinner's allegations in the R&R. (ECF No. 9 at 4-5.)

In his Objection,[2] Skinner clarifies that, though he is not asserting a Sixth or Fourteenth Amendment ineffective assistance of counsel claim, he believes his § 1983 claim should be cognizable against Reed in his personal capacity. (ECF No. 10 at 4.) Despite Skinner's belief, that is not the law. To state a claim under § 1983, a plaintiff "must allege the violation of a right secured by the Constitution and the laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of law." *West v. Atkins*, 487 U.S. 42, 48-49 (1988). But "an attorney, whether retained or appointed, does not act 'under color of' state law" for the purposes of a civil rights claim. *Szijarto v. Legeman*, 466 F.2d 864, 864 (9th Cir. 1972). Skinner thus cannot assert a § 1983 claim against his former attorney.

Skinner's claims, as stated, also do not produce a cognizable habeas action because even Skinner states he did not bring this case to invalidate his state court conviction or challenge the length of his confinement—but rather seeks only monetary damages. (ECF Nos. 1-1 at 5, 8 at 2.) *See also Preiser v. Rodriguez*, 411 U.S. 475, 488-89, 500 (1973) (stating that challenging a "fact or [the] duration of . . . physical imprisonment" falls under the "core of habeas corpus"); *Heck v. Humphrey*, 512 U.S. 477, 481 (1994). If Skinner does wish to invalidate his conviction or shorten his confinement, he must first exhaust all available state court remedies before filing a federal petition for the writ of habeas corpus. *See* 28 U.S.C. § 2254(b)(1). Judge Denney stated as much in the R&R, and in a prior order. (ECF No. 9 at 5.) The Court agrees with Judge Denney and finds that Skinner's Complaint must be dismissed.

But Skinner also specifically requests in his Objection that, if the Court dismisses his claims, they be dismissed without prejudice. (ECF No. 10 at 2-3.) The Court will sustain Skinner's Objection to that limited extent. As dismissal with prejudice is not appropriate unless it is "clear" that "the complaint could not be saved by amendment," and Skinner has not previously been granted leave to amend his Complaint, Skinner's

---

[2] As to the remaining portions of the R&R that Skinner did not object to, the Court adopts them because Judge Denney did not clearly err.

Complaint is dismissed without prejudice. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003); *see also* Fed. R. Civ. P. 15(a) ("The court should freely give leave [to amend] when justice so requires.").

It is therefore ordered that Skinner's objection (ECF No. 10) to Judge Denney's Report and Recommendation (ECF No. 9) is overruled, except for his request to dismiss the case without prejudice.

It is further ordered that Judge Denney's Report and Recommendation (ECF No. 9) is adopted in part, but the Complaint is dismissed without prejudice.

The Clerk of Court is directed to file the Complaint (ECF No. 1-1).

It is further ordered that the Complaint is dismissed, in its entirety, without prejudice.

It is further ordered that Skinner's IFP application (ECF No. 7) is granted; however, Skinner is required to pay, through the Nevada Department of Corrections, an initial partial filing fee in the amount of $48.01 by October 16, 2023. Thereafter, whenever his prison account exceeds $10, he is required to make monthly payments in the amount of 20 percent of the preceding month's income credited to his account even if the action is dismissed or otherwise unsuccessful.

The Clerk is directed to send a copy of this order to the attention of Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, Nevada 89702.

It is further ordered that, if Skinner wishes to file an amended complaint, he must do so by October 16, 2023.

It is further ordered that if Skinner does not file an amended complaint alleging cognizable claims by October 16, 2023, the Court will dismiss this case with prejudice.

DATED THIS 15th Day of September 2023.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE