UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RODERICK SKINNER,<br><br>    Plaintiff<br><br>v.<br><br>EDWARD T. REED,<br>EDWARD T. REED PLLC,<br><br>    Defendants | Case No.: 3:23-cv-00098-MMD-CSD<br><br>**Report & Recommendation of<br>United States Magistrate Judge**<br><br>Re: ECF Nos. 13, 14 |

This Report and Recommendation is made to the Honorable Miranda M. Du, Chief United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court is Plaintiff's first amended complaint (ECF No. 13) and application to proceed *in forma pauperis* (ECF No. 14).

After a thorough review, it is recommended that the IFP application be denied as moot as Plaintiff has previously been granted IFP status for an inmate, and that the first amended complaint be dismissed with prejudice.

Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC), proceeding pro se with this action pursuant to 42 U.S.C. § 1983. He filed his original complaint against defendants Edward T. Reed, Esq., and Edward T. Reed PLLC, and the undersigned recommended that the complaint be dismissed with prejudice. District Judge Du accepted the report and recommendation except that she gave Plaintiff an opportunity to amend to assert a claim for relief. (ECF No. 11.) District Judge Du's order was clear: "an attorney, whether retained or appointed, does not act 'under color of state law' for the purposes of a civil rights

claim." *Szijarto v. Legeman*, 466 F.2d 864, 864 (9th Cir. 1972). As such, Plaintiff cannot assert a section 1983 claim against his former attorney.

In his first amended complaint, Plaintiff again sues his former attorney and his law office. While Plaintiff attempts to get around the law cited above by asserting that Reed colluded with the state, Plaintiff's claim is clearly based on his former counsel's conduct at an evidentiary hearing in his habeas case in state court. Plaintiff cannot maintain this action because his former attorney is not a state actor. Therefore, at this juncture, since Plaintiff has been given an opportunity to amend, this action should be dismissed with prejudice.

## RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order:

(1) **DENYING** the IFP application (ECF No. 14) as moot because Plaintiff was previously granted IFP status for an inmate; and

(2) **DISMISSING** this action **WITH PREJUDICE**.

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

1 | Dated: January 11, 2024

_____
Craig S. Denney
United States Magistrate Judge

[line numbers 2–23]