UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RODERICK SKINNER,<br><br>                              Plaintiff,<br>    v.<br><br>EDWARD T. REED, *et al.*,<br><br>                              Defendants. | Case No. 3:23-cv-00098-MMD-CSD<br><br>ORDER |

*Pro se* Plaintiff Roderick Skinner, who is incarcerated at Northern Nevada Correctional Center, brings this action against Defendants Edward T. Reed, Esq. and Edward T. Reed, PLLC under 42 U.S.C. § 1983. Before the Court is United States Magistrate Judge Craig S. Denney's Report and Recommendation ("R&R") (ECF No. 15), recommending that the Court deny as moot Skinner's second application for in forma pauperis ("IFP") status (ECF No. 14) and dismiss his amended complaint (ECF No. 12 ("FAC")) with prejudice. Skinner timely filed an objection (ECF No. 16 ("Objection")) to the R&R. Skinner also submitted a motion to stay these proceedings for 90 days. (ECF No. 17.) As further explained below, the Court overrules Skinner's Objection and adopts the R&R but dismisses Skinner's Complaint without prejudice, and grants Skinner's motion to stay.

I.      **REPORT AND RECOMMENDATION**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's R&R, the Court is required to "make a de novo determination of those portions of the R&R to which objection is made." *Id.* The Court's review is thus de novo because Skinner filed his Objection. (ECF No. 16.)

In his Objection, Skinner first cited the Supreme Court's opinion in *Tower v. Glover*

to support his Section 1983 claim against hist attorneys. (ECF No. 16 at 2.) *See also* 467 U.S. 914 (1984). The opinion in *Tower* reached the limited holding that "public defenders are not immune from liability in actions brought by a criminal defendant against state public defenders who are alleged to have conspired with state officials to deprive the § 1983 plaintiff of federal constitutional rights." 467 U.S. at 916. The conspiracy at issue was central to this holding. *See id.* at 920. But Skinner has not alleged facts to suggest such a conspiracy; he merely alleges that Defendants knowingly or negligently failed to compel Dennis Carry to appear at his habeas hearing. (ECF No. 12 at 2-4.) *See also Stringer v. Woolsey*, No. 2:10-CV-00048-KJD, 2010 WL 2776788, at *5 n.1 (D. Nev. July 13, 2010). Accordingly, Skinner has not cured the deficiency in his original Section 1983 claim, and the Court adopts Judge Denney's recommendation to dismiss the claim, though the Court will dismiss without prejudice and with leave to amend.

Skinner then goes on to assert that, if he cannot bring a Section 1983 claim, he has adequately raised claims for relief under 42 U.S.C. § 1985 and 42 U.S.C. § 1986. (ECF No. 16 at 3.) Section 1985 prohibits engaging in a conspiracy to obstruct justice in court proceedings or deprive others of their rights and privileges. *See* 42 U.S.C. § 1985. But, again, Skinner did not allege any conspiracy to deprive him of his rights or obstruct justice in his habeas proceeding in his FAC. (ECF No. 12 at 2-4.) He merely claimed that his attorney, alone, provided ineffective assistance. (*Id.*) Section 1985 therefore cannot provide a basis for relief given the allegations Skinner has made.

Nor can Section 1986 provide Skinner a basis for relief given that he has not alleged any conspiracy. *See* 42 U.S.C. § 1986 (creating cause of action against persons who knowingly or negligently failed to prevent conspiracies discussed in Section 1985).

As to the remaining portions of the R&R to which Skinner did not object, the Court adopts them because Judge Denney did not clearly err. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003).

The Court largely agrees with Judge Denney and finds that Skinner's FAC must be dismissed. However, dismissal with prejudice is not appropriate unless it is "clear" that

"the complaint could not be saved by amendment." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). The FAC is dismissed without prejudice and Skinner is granted leave to amend his complaint once more so that he may cure the deficiencies identified here. *See also* FED. R. CIV. P. 15(a) ("The court should freely give leave [to amend] when justice so requires.").

## II. MOTION TO STAY

Skinner also moves to stay these proceedings for 90 days, as he is being paroled to Immigrations and Customs Enforcement for deportation to Australia. (ECF No. 17.) A district court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). "The proponent of a stay bears the burden of establishing its need." *Id.* at 708. Skinner has met this burden by establishing the necessity of the stay. The Court has granted Skinner leave to amend his FAC, and plaintiffs are typically given 30 days to do so. Skinner will be undergoing deportation during that time period, and it would be unfair to allow for proceedings to continue while Skinner cannot adequately respond. (ECF No. 17 at 2 (noting Skinner's deportation processes began April 8, 2024).) As the "interests of justice seem to require" staying these proceedings, the motion for a 90-day stay is granted. *Sec. & Exch. Comm'n v. Dresser Indus., Inc.*, 628 F.2d 1368, 1375 (D.C. Cir. 1980) (parentheses omitted).

## III. CONCLUSION

It is therefore ordered that Skinner's objection (ECF No. 16) to Judge Denney's Report and Recommendation (ECF No. 15) is overruled.

It is further ordered that Judge Denney's Report and Recommendation (ECF No. 15) is adopted, but the amended complaint is dismissed without prejudice.

It is further ordered that the Complaint is dismissed, in its entirety, without prejudice.

It is further ordered that Skinner's second IFP application (ECF No. 14) is denied as moot because Skinner was previously granted IFP status.

It is further ordered that Skinner's motion to stay (ECF No. 17) is granted. The stay

1  will be lifted in 90 days on June 9, 2024.

2  It is further ordered that, if Skinner wishes to file a second amended complaint, he must do so by June 10, 2024. If Skinner does not file a second amended complaint alleging cognizable claims by June 10, 2024, the Court will dismiss this case with prejudice.

6  The Clerk of Court is directed to update Skinner's e-filing address. E-filings should be sent to robyn@wellner.com.au and renniks_002@hotmail.com. Mailed filings for Skinner may be sent to Wellners Lawyers, P.O. Box 2012, Tingalpa, QLD 4173, Australia.

9  DATED THIS 10th Day of April 2024.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE