# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

Roderick Skinner, I,

Plaintiff,

v.

Edward T. Reed, et al.,

Defendants.

Case No. 3:23-cv-00098-MMD-BNW

**ORDER**

By way of background, pro se Plaintiff Roderick Skinner has filed two previous complaints. ECF Nos. 12 and 13. The first complaint (ECF No. 12) was dismissed because the district court explained that Plaintiff cannot assert a 42 U.S.C. § 1983 claim against his former attorney. ECF No. 11. In addition, the district court noted Plaintiff had not otherwise alleged a cognizable habeas claim. *Id*. In turn, Plaintiff filed a First Amended Complaint. ECF No. 13. But the district court dismissed that amended complaint on the grounds that Plaintiff had not asserted a conspiracy claim under 42 U.S.C. § 1983, § 1985, or § 1986. ECF No. 18. The Court now screens Plaintiff's Second Amended Complaint. ECF No. 26.

## I. SCREENING

Courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). In addition to the screening requirements under § 1915A, the Prison Litigation Reform Act requires a federal court to dismiss a prisoner's claim if it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *accord* Fed. R. Civ. Proc. 12(b)(6).

Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668

F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**A. Factual allegations**

Plaintiff brings claims under 42 U.S.C. § 1985, 42 U.S.C. § 1986, Nev. Rev. Stat § 197.200, and RICO. The basis for these claims is that the attorney appointed to represent him in his state habeas corpus evidentiary hearing, Edward T. Reed, conspired "with state prosecutors and other actors" to violate several constitutional rights.[1] Plaintiff asserts that "Edward T. Reed among other things, did not compel or otherwise effectively insist upon the State's expert witness in my Nevada CR 14-0644 criminal case [Sergeant Dennis Carry] . . . being present" at the evidentiary hearing in compliance with a subpoena. Plaintiff further contends that Reed "colluded with the state prosecutor, other entities or persons, the prosecutor's office itself and/or state actors therein, Sparks PD, and perhaps Sergeant Dennis Carry himself" to, in essence, do nothing to ensure Carry's appearance at the evidentiary hearing. In turn, Plaintiff asserts "that such

---

[1] Plaintiff alleges violations of the Fifth, Sixth, Eighth, and Fourteenth Amendments.

collusion/conspiracy had a propensity to keep the state habeas court ignorant about Dennis Carry's suspension from duty just 6-weeks earlier." In addition, Plaintiff also asserts the court would have had no way of knowing that the Reno PD was investigating Carry for different felonies. He explains that, had the court known about this, it is probable the outcome of his habeas hearing would have been different given these facts "cast serious doubt upon Sergeant Dennis Carry's integrity and honesty as a police officer" and the testimony he provided in Plaintiff's underlying case.

### B. Analysis

#### 1. 42 U.S.C. § 1985

Section 1985(2) contains two clauses that give rise to separate causes of action. The first clause concerns access to federal courts, giving rise to a cause of action where

> two or more persons in any State or Territory conspire [A] to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully and truthfully, or [B] to injure such party or witness in his person or property on account of his having so attended or testified . . . .

42 U.S.C. § 1985(2). The second clause concerns access to state or territorial courts, giving rise to a cause of action where "two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws . . . ." *Id*. Presumably, Plaintiff's claim falls under this second clause given the evidentiary hearing took place in state court.

First, Plaintiff has not alleged any facts demonstrating that there was a conspiracy. Plaintiff simply asserts conclusory language regarding the existence of a conspiracy but provides no factual support for it. Moreover, "[i]t is well-settled that the 'equal protection' language of the second clause of section 1985(2) requires an allegation of class-based animus for the statement of a claim under that clause." *Portman v. Cnty. of Santa Clara*, 995 F.2d 898, 909 (9th Cir. 1993) (citing *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971)) (other citation omitted). Here, Plaintiff has not alleged that Defendants' actions were based on his membership in a protected class. As a result, this claim will be dismissed with leave to amend.

//

### 2.  42 U.S.C. § 1986

Under 42 U.S.C. § 1986:

> Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in the preceding section [42 USCS § 1985], are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured.

As discussed above, Plaintiff has not sufficiently alleged a conspiracy under 42 U.S.C. § 1985 and thus, does not sufficiently allege a violation of 42 U.S.C. § 1986. In turn, this claim will be dismissed with leave to amend.

### 3.  Nev. Rev. Stat § 197.200

The supplemental jurisdiction statute provides that, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Where state law claims arise from the same nucleus of operative fact as federal claims, a district court may properly invoke its supplemental jurisdiction over the state law claims. *Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 27 (2025) (citing *Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966)).

Since Plaintiff must successfully state a federal claim to proceed with his case, this Court will not screen his potential state court claims at this time. *See id.* at 44 ("And once [the federal claims were] gone, the court's supplemental jurisdiction over the state claims dissolved too.").

### 4.  RICO violations

RICO imposes civil liability on persons and organizations engaged in a "pattern of racketeering activity." 18 U.S.C. § 1962(c). "Racketeering activity" includes various criminal acts (e.g., "murder, kidnapping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter, or dealing in a controlled substance") and violations of certain criminal statutes. *Id.* § 1961(1). The elements of a civil RICO claim are: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to the plaintiff's 'business or property.'" *Grimmett v. Brown*, 75 F.3d 506, 510 (9th Cir. 1996). A RICO plaintiff

must also meet the heightened pleading standard under Rule 9(b) of the Federal Rules of Civil Procedure as to predicate acts based on fraud or misrepresentation, requiring that "the pleader must state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392–93 (9th Cir. 1988).

Plaintiff's Second Amended Complaint contains no allegations referencing the elements of a RICO claim. Therefore, this claim will be dismissed with leave to amend.[2]

## II.    CONCLUSION

**IT IS ORDERED** Plaintiff's Second Amended Complaint (ECF No. 26) is dismissed without prejudice and with leave to amend.

**IT IS FURTHER ORDERED** that if Plaintiff chooses to file an amended complaint, he must do so by June 7, 2025. Plaintiff is not allowed to add any new claims—he may only amend the ones analyzed above. Failure to file a third amended complaint in accordance with this order will result in a recommendation that this case be dismissed. *See* LR IA 11-8.

DATED: May 5, 2025

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE

---

[2] The Court notes that the types of criminal acts giving rise to a RICO violation are not the ones at issue here. Nevertheless, the Court will give Plaintiff the opportunity to amend his complaint.